Mr. Clerk, will you call the next case please? 311-926 consolidating the 312-80 John Thompson account by Melissa Sims v. Policemen's Benevolent Labor Committee, athletes by Shane Boyles Okay, Mrs. Sims? Good afternoon. Melissa Sims for the Sheriff John Thompson of Bureau County. We come here today on a variety of issues, but basically what it boils down to is whether there is a collective bargaining agreement that is enforceable against the Sheriff. What I think I'd like to do is to go over a timeline of both the statutes, the case law, and the facts so that we know where we're at here today. In 1984, the legislature passed the Illinois Public Labor Relations Act, particularly 7 and 8 of that act. And in 7, section 7 of that act, there was a requirement to bargain collectively. There is a duty for collective bargaining agreement. In section 8, there is a requirement that the parties agree to arbitration unless they mutually agree to otherwise. So that's the law in 84. What happened a few years later, the Supreme Court had the issue come up in the city of Decatur versus the AFL-CIO. And what happened in that case is that the city had passed the Civil Service Act. And they said, we're not going to bargain collectively because there's a procedure in place to handle discipline. The Illinois Supreme Court said, you have to. You have to sit down, you have to bargain collectively. You don't have to come up with an agreement to arbitrate, but you have to have the duty to bargain. A year later, in 1989, this court, the third district, had a very interesting case. And what they did is they reversed Judge Bruce Black, a very learned Judge Bruce Black, who is now a bankruptcy judge. But what happened in that case was it was a Board of Fire and Police Commissioners case. And the police officer was suspended for 30 days. There was some language in that collective bargaining agreement that dealt with the grievance procedure. That after the Board of Fire and Police Commissioner, you could petition the sergeant for something. Judge Black said, look, according to 8, you have to go along with the arbitration. They said, what sense does that make? You go through a hearing in front of the Board of Fire and Police Commissioner, and now you have another hearing in arbitration? They said it would lead to an irrational and absurd result. No other case cited that. And the Illinois Supreme Court denied the petition. So the village of Creve Court versus Fletcher is really what, if this court finds that the agreement was valid and enforceable, should hang their hat on it. Because just like in that situation, we're stuck with an irrational and absurd issue. That was in 89. In 1999, the fourth district decided in Nall, which is cited throughout all of our briefs. I won't go through the entire name of the parties. But what happened in that case, it was the Sheriff of Adams County. And you're dealing with, in that situation, the Merit Commission Act. The Merit Commission Act specifically had situations to deal with both the promotion and discipline of its county officers. They were trying to get him to sit down and do collective bargaining. He said no. He said, the Sheriff's Commission Act says I don't have to. The appellate court said, the fourth district said, you don't have to. So in 99, that was the law. 2004, December 1, 2004, the Sheriff, it wasn't John Thompson at that time, but entered into a collective bargaining agreement with the Fraternal Order of Police. This agreement was renewed from time to time, with it having an expiration date of November 30, 2010. In that collective bargaining agreement, they recognized Nall. Specifically recognizes the holding in Nall. And at that point in time, Nall said, you don't have the duty to bargain. The section 16.8 specifically says that any disciplinary action imposed by decision of the Merit Commission may be the subject of a grievance. It goes on to say that the grievance procedure shall be implemented at step four. Step four is never defined. Step three is arbitration. Step four is never defined. So just like the village of Creekcore versus Fletcher, you have no idea how to handle step four. What's also interesting about the time in which the collective bargaining agreement was entered into is the law that should apply. Harvath versus Parker, 72 ILAP 3D. First District case out of 79 says it the best. It says it's the time at which the contract was negotiated that you have to look at. Well, eventually the legislature did get around to amending the Sheriff's Merit Commission Act and did say that in January of 2008, so this is nine years after Nall was decided and four years after the collective bargaining agreement was entered into with the county and the FOP, that the Merit Commission does have, or the Sheriff does have, can collectively bargain. They didn't say you have to have an arbitration clause, according to eight, which is what Mr. Boyles will have you believe. It says that you can collectively bargain. So all it does is says in Nall, you can collectively bargain. There's no requirement that once you have a collective bargaining agreement, that if there's anywhere in that collective bargaining agreement on a term that doesn't deal with the Merit Commission Act, or the Civil Service Act, or the Border Fire and Police Commissioners Act, that you have to do arbitration. In fact, the village of Creve Coeur versus Fletcher, I separatized it this morning, it's the holding. And there's no requirement that this court force John Thompson to arbitrate the decision of the Merit Commission. So what we had was the collective bargaining agreement that expired November 30th of 2010, I'll get that in a little bit, regarding whether who the parties that can enforce that agreement are. But Sheriff Thompson filed charges against John Dove on January 6, 2011. The FOP, which had negotiated this contract, and also which there's no assignment for any future party to enforce the rights of the contract, was decertified January 11th. The PBLC was certified. At the hearing in front of the Merit Commission, Dove had already filed on February 3rd and February 14th actions against the Sheriff with the Illinois Labor Relations Court. Well, if they believed that the collective bargaining agreement was enforceable, and that arbitration was the sole way to handle the disputes contractually between the parties, then they elected their remedy by going outside the scope of the collective bargaining agreement and filing actions with the Labor Relations Board. Another action was filed March 11th. So they picked their poison. They said, we're going to go through the Labor Relations Board. At the hearing, Don Dove asserted her Fifth Amendment and walked out. So we proceeded in absentia to try the case against Don Dove. And she was dismissed by the Sheriff's Merit Commission. So then what happened was the Sheriff, just like in Fletcher, is having to defend from all different actions, all different sides, from the Labor Relations Board, now arbitration. It will lead to absurd results. Not only absurd results, a lot of money. And that is not what the Sheriff bargained for. Had the Sheriff thought that he would be defending on all these fronts, the language set forth would have been more clear. But it was clear enough for the time because Nall had said that the time in which it was negotiated, Nall had said that they can't bypass it. So they put some language in there to satisfy both parties. And then eventually when the Merit Commission Act was amended, the language that was already in place sufficed. The parties never defined step four. Even though numerous times they went ahead and extended the contract. What's interesting about the court's decision in Fletcher, very short decision, but it said that both parties agree that the first issue to be decided in this appeal is whether the circuit court erred when it interpreted the collective bargaining agreement to require arbitration of the party's dispute. When a question of interpretation arises, it is fundamental that the court adopt a construction of the contract that is reasonable rather than which would produce an irrational or absurd result. It goes on to say that in this case, for instance, supposing that the parties proceeded pursuant to the Fire and Police Commission Act by going through the Board of Fire and Police Commissioners, the circuit court, the appellate court to the Supreme Court of Illinois, one of the parties dissatisfied with the result from the Supreme Court could then, according to the circuit court's interpretation, proceed through the regular grievance procedure where a police officer's immediate sergeant could review and decide contrary to the decision of the Supreme Court. They're saying that's irrational and absurd. And I would argue that the same thing applies here. Now, we're not changing years and years and years of union contract and it's not going to be a political hot issue just like the village of Creve Coeur versus Fletcher wasn't a political hot issue. It is simply that the parties did not negotiate that term. They did not negotiate Step 4. They could have after the statute was amended, but they did not. Also, a few weeks ago, the Illinois Supreme Court ruled in Carter. I don't think any relation, Judge, but it was an arbitration issue as well. But in this case, it was ruled on September 20th, 2012, and I'm sorry, I only have the Westlaw reporting site. It's 2012, Westlaw, 412-7299. And what happened in that case, it was a nursing home residence estate brought in action pursuant to the Nursing Home Care Act and the Ron Fildeff Act. They threw in the face of this administrator, will you sign an arbitration agreement saying that you can't do this? Where's the public policy in that? That this nursing home administrator or this power of attorney and eventually administrator of the estate of this person can't sue for Ron Fildefff or Nursing Home Care Act? And they said, because you're not a party. Because you're not a party at the time you entered into it for the Ron Fildefff Act because that doesn't come until after the person dies. Then that portion of that arbitration agreement is unenforceable. But what I thought was really interesting is that the portion of the arbitration agreement that was enforceable were violations of the Nursing Home Care Act. Now, I would have thought that that would violate public policy. You have an inferred person in a nursing home who is abused in some way, shape, or form, but yet their power of attorney can negotiate out that right. Mr. Voyles argues, without citing any case law or statutes, that the PBLC, even though it's not a party to the contract, is an implied party to the contract because of public policy. Because the PBLC now stands in the shoes of the FOP after the expiration of the contract. But the contract doesn't say that. The contract doesn't say it applies to heirs, assigns, or anyone else. It specifically applies to the parties that entered into the contract. So, if a nursing home resident who is infirmed by and through their administrator can bargain away abuse, I would certainly think that a collective bargaining agreement would apply in the same fashion if you're not a party to the contract. What also, I think, proves that the PBLC is not a party to the contract is because they chose other remedies after the Merit Commission proceeding. They said, we're proceeding to arbitration. We're filing these Labor Relations Act charges. But yet, then they want to say they're a party to the contract. And if they really believe they're a party to the contract, and the contract is valid and enforceable, then they waive any other recourse of any kind. And it's a... Thank you. I reserve the two minutes. Thank you, judges. You only have five minutes to respond. Oh, okay. I'm sorry. No issue. Sure. So, the restatement discusses the issues of election of remedy. And that's been around for a long time. When you have a contract and you decide one course of action, then you waive your right to proceed otherwise. In the collective bargaining agreement, if the courts were to find that it is valid and enforceable, it says, upon election, the grievance procedure shall be implemented at step four, which, again, is undefined. By electing to utilize the grievance procedure following disciplinary action by the Merit Commission, the employee and or the lodge waives any other right of recourse of any kind. But they proceeded anyway in front of the Labor Relations Board as a way to, I don't know, bully Sheriff Thompson into dismissing the charges against Don. It didn't work. So, while the case is going on in front of the Merit Commission, the sheriff is also defending actions in front of the Labor Relations Board. Judge Heddle, and it's in the transcript, and I noted it in the brief, Judge Heddle asked Mr. Boyles, what relief are you seeking with the Labor Relations Board? The same relief we're seeking here. So it's just another bite of the apple. And that's the myriad of the problems that we're having. But I think if the court could focus on the collective bargaining agreement, first of all, that the PBLC doesn't have the right to enforce it because they're not a party. Second of all, that they chose alternate remedies in violation, whether if they were a party to the action and they violated the contract and entered into a breach of contract. And then third, even if they did, the language prevails because there is no step four. So how do you proceed to arbitration? Thank you. Okay, thank you, Ms. Sims. And Mr. Boyles. I think, first of all, I have a duty to the court to point out a few things. Number one, the Kreeve-Kore-Fletcher case, I'm sure says what Ms. Sims described it to say, but she also quoted in her brief the amendments to the Sheriff's Merit Commission Act. Kreeve-Kore, as I understand it, says it's irrational to have two bites of the apple, for lack of a better term, that she would go to the Merit Commission and then also go to agreements arbitration. I think that was the basis of the court's decision. They said that was irrational. Well, the legislature can mandate irrational things, and it did so. It's page 10 of Ms. Sims' brief. The statute now says that it's a mandatory subject of bargaining. What is a mandatory subject of bargaining is either an alternative or supplemental form of due process. So Kreeve-Kore, I'm sure, is still good law, but for the fact that the law has changed statutorily. So that irrational result is something that can be agreed to. It's a mandatory subject of bargaining, and that's what this contract says. Secondly, the court should know that the labor board, that case was already preceded. We went to the labor board. The administrative law judge ruled for Ms. Dove, ordered her reinstatement. The county and the sheriff have accepted to that, and ultimately I imagine this court will get that particular decision directly because review from the labor board comes directly to the appellate court. So that's already happened, and I think the other half of the lawsuit, the other case that was consolidated here, saw the stay of that proceeding. I don't know. I don't presume to begin to know how it's possible to stay something that already happened and a judgment is issued, but the court should be aware of that. There are several things, several basic facts. Another thing, something else that Ms. Sims brought up, I think her entire argument is that this collective bargaining expired, the 2007-2010 agreement expired, but then she based her argument upon the 2004 document, 2004-2007 collective bargaining agreement. Under her argument, that would have expired as well. It doesn't exist and is unenforceable. So to credit her argument would mean that that 2004 agreement doesn't exist also. Some other things, the contract at issue, section 16.8, clearly says that merit commission proceedings shall proceed to arbitration. That was the basis of the trial court's ruling below, and it also says that any individual bargaining unit member, which does not change upon a new certification. The bargaining unit members stay the same. Any individual bargaining unit member can proceed to elect to go to arbitration, and that's what happened. The collective bargaining agreement did not expire on November 30, 2010. There was an election. The labor board required an election in late December. What if the union I worked for had lost? What if the FOP had continued? There would not be any sort of argument that the collective bargaining expired on November 30, 2010. And even if it did expire upon the certification of the new representative, that didn't happen on November 30, 2010. There was an election in late December. The new certification issued in early 2011, January 2011. So without a doubt, the collective bargaining agreement continued beyond November 30, 2010. Another basic problem with the sheriff's argument, the duty to arbitrate is statutory. I understand there's a lot of federal law mentioned in her brief, but federally under the National Labor Relations Act, the duty to arbitrate arises under a contract. That would be presumably the same rule of law at play in the Carter decision that Ms. Simms just talked about from 2012. The duty to arbitrate is statutory, and it's not necessarily specific to a collective bargaining agreement. It's specific to an employer. In this case, we actually have two employers. The sheriff is just half of the equation. We have joint employers and the certified representative. That brings me to the next point. The sheriff is just half of the equation. I think in the reply brief, the sheriff indicated that he elected to continue to pay the employees. He elected to continue their hours, with the only exception being he wasn't going to continue to honor 16.8. But the sheriff doesn't set pay for these employees. The sheriff doesn't determine their health insurance benefits. The county does those things. The sheriff supervises them from day to day, but we only have half of the equation arguing here today to you on the other side of this. So there's another party that we brought into circuit court that's not here today. Number five, and this is probably the most important thing. This is a unit of public safety employees. These are not traditional public servants. The act is designed, including Section 14, is designed so that once there is a labor union in place for a bargaining unit of peace officers or firefighters, there always has to be a contract. Section 14 mandates interest arbitration. It sets deadlines for things to happen. The whole theory, the whole reason behind Section 14 being the way that it is, is that your public safety employees, it's against public policy for public safety employees to be experiencing any sort of substantial labor strife. It's not in the public's best interest. So once there is a bargaining unit in place, and this bargaining unit has existed for some time, there is always a contract, or the terms of the contract continue under Section 14. We understand that the sheriff is relying upon some public policy considerations underlying basic contracts and wants to apply basic contract law. We understand that in basic contract law, the theory, the goal is to make sure that people live up to their bargains. Part of that theory is that people freely enter into a relationship and can freely walk away from that relationship. That is not the reality under which these collective bargaining agreements exist for peace officers. That relationship, presumably the individual bargaining unit members can walk away from their jobs. We understand that. But once that bargaining unit exists under the law, under the statutory scheme, that relationship is always there, and the parties don't walk away from it one way or the other, unless there was a decertification with no new exclusive representative, which is not what happened here. So we understand that there are some rules of law, basic contract rules of law, that the plaintiff is relying upon, but they just simply aren't applicable in this situation under this statutory scheme. Thank you. Thank you, Mr. Boyles. And Ms. Sims? Yes, thank you. As I'd like to point out, I did have a chance to confer with one of the attorneys that is here on behalf of the county, and I'd like to clarify the issue of the Labor Relations Board decision. That is not a final decision, and I'm not here necessarily to move to strike it, because you're going to want to know what is happening in all these different situations. But what happens is that's proof why we're here, is because we have irrational and different positions all over the place that the sheriff did not bargain for. So you've got one decision of the Merit Commission that is statutory, that he has to do, and now he's got another ruling that he's got to deal with, an appeal, an attorney's fees and costs, and dealing with that on that issue as well, and he didn't bargain for that. When we talk about 315-7, there's also some language in there that it says, the duties imposed upon employers, employees, and labor organizations pursuant to paragraphs 2, 3, and 4 shall become inapplicable on an intervening certification of the board under which the labor organization, which is a party to the contract, has been superseded as or ceased to be the exclusive representative of the employees. So the PBLC does not have the right to enforce the contract, because they're not a party to the contract. So what you're having is labor organizations that are basically holding, to an extent, their constituents hostage by saying, this is our agreement, doesn't apply to anybody else. So another labor organization does not get the benefit of what was bargained to previously. And that may be part of the landscape that is the negotiation of labor contracts, but that's what we're dealing with here. The PBLC does not have the right to enforce the terms of the contract. And the bottom line is, the contract doesn't provide for arbitration. When Mr. Boyles talked about the Sheriff's Merit Commission Act, it doesn't say that you have to have mandatory arbitration. The language, and I'm going to quote specifically from it, however, on or after June 1st, 2007, and any Sheriff's Office with a collective bargaining agreement covering the employment of department personnel, such disciplinary measures and the method of review of those measures shall be subject to mandatory bargaining, which is the Creve Coeur case. Not saying mandatory arbitration, mandatory bargaining, including comma, but not limited to comma, the use of impartial arbitration as an alternative or supplemental form of due process. So step four could have been anything when the parties got around to negotiating the terms of that, but they didn't. And then the labor organization that negotiated that term is gone. And we have the PBLC who doesn't have a contract right now. So the fact that they would be making it sound that there is mandatory arbitration, and the trial court found that there was arbitration, forces the Sheriff to defend in three different venues. The Merit Commission, which he was required by statute to do, arbitration, which is what he was ordered to, and the Labor Relations Board, which is outside the scope of the agreement that he agreed to. So there is going to be inconsistent results. It's going to go on ad infinitum and on appeals in all of these different venues. And that's not what the Sheriff bargained for. Not only that, it was Ms. Stubb that walked out of the Merit Commission. So she walked out of it. So if she was so concerned about due process, she didn't stick around to see that through. So the Sheriff doesn't have the benefit of her testifying when she took the Fifth Amendment and then walked out, doesn't have the benefit of using that against her in these other proceedings. Thank you. There's any other questions? Thank you. Thank you very much, and thank you both for your argument today. We will take this matter under advisement and get back to you with a written disposition within a short day. So we'll now take a short recess.